In the Matter of the Application of BERTRAM G. EADIE and Others, Being and Constituting the Trustees of the Supreme Court Library, County of Richmond, Appellants, for a Peremptory Mandamus Order against FIORELLO H. LAGUARDIA and Others, Constituting the Board of Estimate and Apportionment of the City of New York, and TIMOTHY J. SULLIVAN and Others, Constituting the Board of Aldermen of the City of New York, Respondents.

Second Department, March 19, 1937.

*William A. Smith,* for the appellants.

*Edmund L. Palmieri* [*Paul Windels,* Corporation Counsel, and *Nicholas Bucci* with him on the brief], for the respondents.

DAVIS, J. The application was for a peremptory mandamus order directing the respondents board of estimate and apportionment and others to alter and amend the budget of the city of New York for the year 1936 so as to include as to the Supreme Court library, county of Richmond, the positions of librarian, assistant librarian,

clerk and secretary at the respective annual salaries certified by the petitioners, the board of trustees of the library, and for other relief.

By virtue of chapter 637 of the Laws of 1932, which is still in effect (*Matter of Moran* v. *LaGuardia*, 270 N. Y. 450), it was within the power of the board of estimate and apportionment and the board of aldermen to make reductions in salaries during the emergency period, regardless of the fact that the board of trustees of the library was given mandatory power to fix salaries by section 1180-c of the Education Law. This board and its employees were not engaged in the work of education excepted under the so-called Economy Act. While it may be said that no showing was made as to the necessity of the position of clerk, whose salary was less than $2,000, no power was given by statute to eliminate that office. If his services are deemed unnecessary and constitute an extravagance, the remedy is by legislation to conform the expenses of this library to the general policy in respect to similar libraries created under article 45 of the Education Law, as amended. (*People ex rel. O'Loughlin* v. *Prendergast*, 219 N. Y. 377; cf. *People ex rel. Plancon* v. *Prendergast*, Id. 252.) An examination of the sections of article 45 of the Education Law, creating Supreme Court libraries in much larger communities, indicates that no such number of employees is ordinarily deemed necessary, and no such salaries are provided either by statute or by those to whom power is delegated to fix salaries within maximum limits.

The question concerning the position and salary of the secretary, held by one of the trustees, has been withdrawn by the appellants, and, therefore, is not considered.

The order denying the petition should be modified by granting the petition with respect to the clerk, and as so modified affirmed, without costs, as a matter of law and not in the exercise of discretion, and the matter remitted to the Special Term, where the parties may proceed as they are advised.

LAZANSKY, P. J., HAGARTY and CLOSE, JJ., concur; JOHNSTON, J., concurs in so far as the decision grants the petition with respect to the clerk, but dissents from that part thereof which affirms the order with respect to the librarian and assistant librarian, as to whom he votes to grant the petition, with memorandum.

JOHNSTON, J. I concur in so far as the decision grants the petition with respect to the clerk, but dissent from that part thereof which affirms the order with respect to the librarian and assistant librarian, as to whom I vote to grant the petition, on the ground that the board of estimate and apportionment had no power to change the salaries fixed by the trustees under the mandatory statute; and upon the

further ground that the so-called Economy Act does not apply to the trustees.

Order denying petition for a peremptory mandamus order modified by granting the petition with respect to the clerk, and as so modified affirmed, without costs, as a matter of law and not in the exercise of discretion, and the matter remitted to the Special Term, where the parties may proceed as they are advised.