In the Matter of the Application of GEORGE ALBERT WINGATE, Petitioner, for a Peremptory Order of Mandamus against FRANK J. TAYLOR, as Comptroller of the City of New York, and Another, Respondents.

Supreme Court, Special Term, Kings County, December 15, 1937.

*Delatour, Kennedy & Miller* [*Harold M. Kennedy* of counsel], for the petitioner.

*Paul Windels, Corporation Counsel* [*Jeremiah M. Evarts* of counsel], for the respondents.

SMITH, J. This is an application for a peremptory order of mandamus directing the comptroller of the city of New York and the board of estimate and apportionment to include within the provisions of the city budget for the year 1938 and the first half year of 1939 the amounts fixed by the petitioner, as surrogate of the county of Kings, for personal services of the chief clerk, other clerks, stenographers and other officers and employees of the Surrogate's Court of Kings county. The allegations of the petition are undenied. In June of 1937 the petitioner, in his capacity as

surrogate of the county of Kings and pursuant to the provisions of section 22 of the Surrogate's Court Act, as amended by chapter 74 of the Laws of 1937, appointed and fixed the salaries of the chief clerk, other clerks, stenographers, officers and other employees of the Surrogate's Court for the year 1938 and the first half of the year 1939. The salaries so fixed were included by the petitioner in his proposed budget for the aforesaid period, which proposed budget was forwarded to the respondents. The respondents prepared an executive budget in which the salaries as fixed by the petitioner were reduced. The final budget as adopted by the respondents carried these reduced figures.

By way of defense the respondents allege that the power of the surrogate under section 22 of the Surrogate's Court Act is discretionary and may not be exercised " in an arbitrary, capricious or unreasonable manner;" that in fixing salaries it was the duty of the petitioner to consider the compensation paid from the city treasury to city officials and officers; that the available resources of the city for the payment of salaries are limited; and that the salaries must be commensurate with the city's ability to pay and with the responsibilities and duties of the position for which compensation is to be awarded. Then follows a list of city and court officials, together with the salaries paid them and a comparison of their duties with the duties to be performed by clerks of the Surrogate's Court. Upon the basis of such comparison and the alleged limited resources of the city, it is concluded that the petitioner's fixation of salaries was arbitrary, capricious or unreasonable.

Section 22 of the Surrogate's Court Act, so far as pertinent, provides as follows: " The compensation of each such chief clerk and of the other clerks, stenographers and other officers and employees of the said court and office of such surrogate shall, notwithstanding any other provision of law, be fixed by the surrogate of the respective county wherein such court and office are situated, and the same shall be a county charge. The compensation of any such chief clerk shall not be decreased during his term of office."

The language is plain. Under it sole power to fix salaries of the chief clerk, other clerks, stenographers and other officers and employees of the Surrogate's Court of Kings county is lodged with the surrogate of that county. Such power is not subject to veto or to any general right of visitation, and once the salaries are fixed by the surrogate it becomes the mandatory duty of the board of estimate to include them in the budget. (*People ex rel. O'Loughlin* v. *Prendergast*, 219 N. Y. 377; *People ex rel. Cropsey* v. *Hylan*, 199 App. Div. 218; affd., 232 N. Y. 601; *Matter of Bateman* v. *Mayor*

*of City of Mt. Vernon*, 247 id. 250; *Matter of Eadie* v. *LaGuardia*, 250 App. Div. 446. See, also, *Matter of Flaherty* v. *Craig*, 226 N. Y. 76, 79.)

The authorities cited arose under statutes analogous to section 22 of the Surrogate's Court Act. Under the defense pleaded the respondents are attempting by indirection to accomplish what the statute and authorities under analogous statutes do not permit. The respondents have set up a standard of compensation for services performed in various city departments and in certain courts, and, having done so, assert that any deviation therefrom is capricious, arbitrary or unreasonable. In other words, they would have the surrogate's power to fix salaries exercised only in accordance with the pattern they set. If such contention were upheld all mandatory salary legislation would be rendered meaningless and completely nugatory. Section 22 of the Surrogate's Court Act expresses a definite legislative policy vesting salary-fixing power in the judicial officer deemed best equipped to evaluate the services of employees of the court over which he presides. The defense raises no triable issue of fact.

Motion for peremptory order of mandamus is granted.