In the Matter of GEORGE A. WINGATE, as Surrogate of the County of Kings, Respondent, against JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, et al., Appellants.

Argued October 26, 1938; decided December 2, 1938.

*William C. Chanler,* Corporation Counsel (*Jeremiah M. Evarts* and *Seymour B. Quel* of counsel), for appellants. The courts below erred in holding that this case consti-

tuted an exception to the general rule that mandamus should only be granted in the exercise of a sound judicial discretion. (*People ex rel. Wood* v. *Assessors*, 137 N. Y. 201; *Duncan Townsite Co.* v. *Lane*, 245 U. S. 308; *People ex rel. Durant Land Improvement Co.* v. *Jeroloman*, 139 N. Y. 14; *Matter of Black* v. *O'Brien*, 264 N. Y. 272; *Matter of Andresen* v. *Rice*, 277 N. Y. 271; *People ex rel. Dean* v. *Asten*, 7 N. Y. Wkly. Dig. 411.) The case is not an exception to the general rule. (*Matter of Andresen* v. *Rice*, 277 N. Y. 271; *Baird* v. *Board of Supervisors*, 138 N. Y. 95.)

*Harold M. Kennedy* for respondent. The only issue presented was correctly decided by the Special Term and the Appellate Division. A holding that the Surrogate's power to fix salaries may be reviewed, and his salary schedules revised, would violate precedent and principle, and public policy as well. (*People ex rel. O'Loughlin* v. *Prendergast*, 174 App. Div. 897; 219 N. Y. 377; *People ex rel. Cropsey* v. *Hylan*, 199 App. Div. 218; 232 N. Y. 601; *Matter of Bateman* v. *Mayor*, 247 N. Y. 250; *Matter of Eadie* v. *LaGuardia*, 250 App. Div. 446; *Matter of Flaherty* v. *Craig*, 226 N. Y. 76.)

*Per Curiam.* The Legislature has provided that the Surrogates of the counties of Kings and Queens shall severally fix the compensation of the " chief clerk and of the other clerks, stenographers and other officers and employees of the said court and office of such surrogate * * * notwithstanding any other provision of law * * * and the same shall be a county charge." (Surrogate's Court Act, § 22.) It is the duty of the Board of Estimate (formerly Board of Estimate and Apportionment) to make the necessary appropriations to meet such county charges. The Legislature has left it no choice there. To justify its failure to perform that duty, the Board of Estimate urges that the salaries fixed by the Surrogates are excessive and that payment

of such salaries would require the use of moneys of the city urgently needed for other purposes.

Increase in salaries fixed by the Surrogates with consequent mandatory appropriation by the Board of Estimate reduces in the same amount the resources of the city available for other services paid for by the city which, in the opinion of the Board of Estimate, may be essential for the public welfare or, at least, more urgent and of greater public importance. To that extent the Legislature has seen fit to take away from the Board of Estimate, as the budget-making authority of the city, the power to weigh the comparative value, urgency and importance of conflicting demands upon the resources of the city. By decree of the Legislature payment of these salaries is given priority.

The Legislature having conferred upon the Surrogates plenary independent power severally to fix the compensation of court officers and employees, neither the Board of Estimate nor the Supreme Court may substitute its discretion for the discretion vested by law in a Surrogate. The Legislature having provided that the compensation fixed by a Surrogate shall be a county charge, the Board of Estimate may not thwart the legislative purpose by refusing to make the necessary appropriations. Complaint that a statute is unwise or that, in practice, it works detriment to the public interest, may, always, be addressed to the Legislature. A court may not give ear to such complaint. Choice whether to grant or withhold judicial remedy cannot reasonably be based upon the court's opinion as to the wisdom of the Legislature in enacting a statute or the wisdom of the exercise of a discretion conferred by the statute upon a public officer.

The order should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN FINCH and RIPPEY, JJ., concur.

Order affirmed.