In the Matter of the Application of DAVID FRIEDMAN, Individually and as President of the Typewriter-Bookkeeper Grade 3 Ass'n, and for the Members Thereof Similarly Situated, Petitioner, for an Order against PAUL J. KERN, President, and Others, Commissioners, Constituting the Civil Service Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, June 5, 1939.

■■■■■■■■■■

*Samuel Resnicoff* [*Samuel J. Joseph* of counsel], for the petitioner.

*William C. Chanler, Corporation Counsel* [*Samuel J. Silverman* of counsel], for the respondents.

LEVY, J. This proceeding under article 78 of the Civil Practice Act is brought on behalf of persons on the eligible list of typewriter-bookkeeper grade 3 to command the municipal civil service commission to refrain from making any further provisional appointments to the position of typewriter-bookkeeper grade 3, to dismiss all provisional appointees performing the duties of that office, and to certify for appointment at $1,800 per annum the petitioner and other persons on the grade 3 eligible list.

That list was promulgated as a result of an examination held in 1936 for the position of " Typewriter-Bookkeeper (male) Grade 3." The notice provided: " The resulting eligible list will be certified to fill vacancies in Grade 2 " with annual salary ranges for the second and third grade respectively at $1,200 to $1,500 and $1,800 to $2,400. Actually all appointments or offers of appointment have been made within the lower limits. In fact, petitioner was originally appointed at $1,200 and later transferred to a $1,500 position. Some of the eligibles refused to accept appointments in the grade 2 range which, respondents claim, authorized employment of provisional or temporary appointees not on the list.

The petitioner's grievance is that vacancies have been filled by provisionals performing grade 3 duties, whereas no appointments have been made from the grade 3 list which expires in 1940. Further, he contends that the creation of grade 2 is sham, that no examination has been held for that grade, and that the whole procedure in creating it is a device to reduce salaries. As thus stated, the complaint has merit and justice, notwithstanding that when petitioner and others took the grade 3 examination, the possibility of appointment with a grade 2 salary was made known. Moreover, it was not anticipated that the resulting grade 2 appoint-

ments would be anything but temporary and that certifications for grade 3 positions would be entirely eliminated. The effect of such a course would be to render the grading system meaningless. If the creation of the grade 2 position in combination with the grade 3 examination was a mere subterfuge to assist in giving legality to lower salary schedules, the matter is one for inquiry by the courts in a proper case.

Respondents, however, deny that any legal situation has been presented entitling the petitioner to relief. The civil service commission, it is said, has no control over salaries. Moreover, petitioner may not receive more than has actually been allotted in the budget for the position in which he is employed. Grade, it is argued, is not a rank or separate position but a mere measure of salary. Thus, petitioner may not claim a grade 3 salary since the compensation allotted for his office in the present budget is only $1,500.

These contentions create a rather complex situation. That argument carried to its extreme is destructive of the civil service principle. The civil service provisions of the Constitution and of the statutes, including section 16 of the Civil Service Law relating to competitive examinations, promotions and transfers, were intended as a protection for the public, civil service employees, and their individual security. (*Wood* v. *City of New York*, 274 N. Y. 155.)

A person having passed an examination for a position carrying a grade 3 salary and appointed to an office with a lower salary ordinarily attached to a lower grade, becomes, for all practical purposes, frozen in the lower position and grade. He cannot thereafter take a grade 3 position, of which apparently there are a number in the city in the typewriter-bookkeeper class, without further certification for appointment from the list. By reason of the drive for economy there seems to be no disposition on the part of the city authorities to certify for grade 3 positions any names from the grade 3 list expiring in 1940. An appointee in the grade 2 salary range selected from the grade 3 eligible list will after 1940 be required to pass a promotion examination should he desire to advance his compensation to the grade 3 range.

The injustice of such a situation is plain. Vacancies will undoubtedly occur in the grade 3 positions. Likewise it may come to pass that the city's purse strings are relaxed, permitting appointments within the grade 3 range. Should these contingencies concur after the expiration of the present eligible list, petitioner will be compelled to submit to such further promotion examination, although he originally passed the grade 3 test. Otherwise, his

promotion would be illegal. An increase in salary beyond the maximum of the grade is a promotion for which an appropriate competitive examination is required wherever practicable. (*Matter of Ryan* v. *Kaplan*, 213 App. Div. 131.) Thus, a grade is a measure of position as well as salary, although it does not follow that an employee may compel the payment of a grade 3 salary if his appointment with a grade 2 salary has been made after the adoption of the budget providing only for the lower compensation. In this connection the views expressed in *Matter of Rushford* v. *LaGuardia* (255 App. Div. 597) are pertinent. Compensation may not be reduced after it has been fixed in the budget. Likewise an employee who accepts appointment after a reduction of salary has been promulgated may not claim an increase over the budgetary appropriation. Obviously, these principles are applicable here.

A trial may, however, develop that petitioner should have been certified for a grade 3 position, or that certification for appointment to a grade 2 position was made in response to a demand by department heads for a grade 3 typewriter-bookkeeper while the duties performed are actually those of grade 3. In that event, petitioner may be entitled to demand that the next budgetary appropriation provide a higher salary for the position within the range of grade 3. In support of his demand he has asserted that provisional appointments have been made for positions embracing the work performed by a grade 3 employee and that the filling of positions by such provisionals prevents any certification from the eligible list for grade 3. He argues that these provisionals should be removed so as to make way for appointees from the grade 3 list.

It may be that the result of the trial of the issues, even if favorable to him, will not give petitioner and those in like position any increase in compensation in the absence of a budgetary appropriation. The issue, however, would not be moot since a favorable outcome will afford some practical advantages. For example, success will entitle him to grade 3 rank even though he cannot obtain a higher salary for the current budgetary period. Moreover, if he prevails, promotion examination will not be required to qualify him for any future salary increase to the higher range. Finally, petitioner will obtain the advantage of a legal status upon which to base a claim for fixation of his salary in the next budget prior to its adoption in accordance with the salary of the grade.

While the court recognizes the right of the board of estimate to lower salary schedules pursuant to sections 67 and 68 of the New York City Charter, yet this right must be exercised in compliance with civil service law. It is hardly proper that positions of one grade in which there are incumbents should carry varying salary schedules. If, in the interest of economy, the board of

estimate desires to reduce pay schedules, the effect of such reduction should be uniform for all incumbents throughout the grade. Thus, it will not be proper upon the adoption of a new budget, in the absence of special and distinguishing circumstances, to allot to some employees legally holding grade 3 typewriter-bookkeeper positions compensation below the minimum of the schedule actually paid to other incumbents in the same grade.

The motion is, therefore, granted for the trial of the issue. Settle order.