In the Matter of the Application of MAURICE J. McCARTHY, JR., and Others, Petitioners, against FIORELLO H. LaGUARDIA, as Mayor and as a Member of the Board of Estimate of the City of New York, and Others, etc., Respondents.

Supreme Court, Special Term, New York County, October 23, 1939.

*Saypol & Kotler* [*Irving H. Saypol* and *Leo Kotler* of counsel], for the petitioners.

*William C. Chanler, Corporation Counsel* [*Frederick V. P. Byran, Robert H. Schaffer* and *George G. Gallantz* of counsel], for the respondents.

BERNSTEIN, J. This proceeding was brought under article 78 of the Civil Practice Act for an order directing the mayor, the board of estimate and other officials of the city of New York to fix the compensation of the clerks of the justices of the Municipal Court at the rate of $3,240 per annum or at such other reasonable amount as the court may determine. The petitioners constitute all the

clerks of the said justices now serving pursuant to their respective appointments. The respondents have filed no answer to the petition, but have cross-moved for an order dismissing the petition as a matter of law.

The positions of the petitioners were created by chapter 235 of the Laws of 1929 (now Mun. Ct. Code, § 7-a, as added by Laws of 1939, chap. 661). The statute provides: " There shall also be a clerk to each justice of such court. Such clerk and his successors shall be appointed by such justice and shall hold office during the pleasure of such justice. The salaries of such clerks shall be fixed by the board of estimate and apportionment of such city." (Laws of 1929, chap. 235.) In making up the budget for 1930 the board of estimate provided for forty-eight such positions at $3,240 per annum and five at $3,000 per annum. These salaries were continued at those amounts until 1933 when, under the Economy Act, the salaries of forty-seven of these clerks were reduced to $3,030 per annum and the salaries of fifteen were reduced to $2,810 per annum. In the budget for 1935 the salaries of all of these clerks were reduced to $1,200, but in May of that year they were raised to $2,000 and continued at that amount until June, 1937, when the board of estimate again raised them to $3,240. In the budget for 1938 the salaries were again fixed at $3,240 and, under attack by the municipal authorities, were held to be valid. (*Dixon* v. *LaGuardia*, 277 N. Y. 84.) In *February, 1938,*the board of estimate once more reduced these salaries to $1,200 per annum but, on challenge by these petitioners, the Court of Appeals reversed such reduction. (*Matter of Rushford* v. *LaGuardia*, 280 N. Y. 217, 846.) When the budget for the fiscal year beginning July 1, 1939, was made up, the board of estimate, *acting at budget-making time,* fixed the salaries of these positions at $1,200 per year, and the petitioners have been receiving their compensation at that rate, under protest, since July 1, 1939.

It is that action of the board of estimate which is the subject of this proceeding, and it is being challenged on three grounds: (1) That, having been originally fixed by the board in 1929 at $3,240, the compensation of these clerks became fixed at that rate for all time, until changed by an act of the Legislature; (2) that the compensation fixed in 1939 was so unreasonably low and inadequate that it constituted an arbitrary and illegal exercise of the duty imposed upon said board by the statute, and (3) that the fixing of such low compensation was the result of a conspiracy amongst some of the respondents, unnamed and unspecified, to abolish the office by indirection and circumvention.

The issue raised in this proceeding is, unfortunately, not a new one. It has been passed upon adversely to the contentions of the petitioners in recent decisions by our highest court. (*Matter of Wingate* v. *McGoldrick*, 279 N. Y. 246; *Matter of Hetherington* v. *McGoldrick*, Id. 687; *Matter of Rosenthal* v. *McGoldrick*, Id. 688.) These cases are authority for the proposition that where the Legislature has conferred plenary independent power on an officer or board to fix the compensation of employees, the court may not substitute its discretion for the discretion vested by law in such officer or board. As the Court of Appeals said in the *Wingate* case: " Complaint that a statute is unwise or that, in practice, it works detriment to the public interest, may, always, be addressed to the Legislature. A court may not give ear to such complaint. Choice whether to grant or withhold judicial remedy cannot reasonably be based upon the court's opinion as to the wisdom of the Legislature in enacting a statute or the wisdom of the exercise of a discretion conferred by the statute upon a public officer " (p. 249). While the cited cases relate to power to fix compensation conferred on judicial officers and to the exercise by them of such power to increase compensation, they are logically applicable to similar power conferred on the board of estimate and to the exercise by it of such power to reduce compensation.

The power to fix that compensation is a continuing power. It may be exercised by the officer or board, as the case may be, at defined intervals and reviewed from time to time. To hold that compensation, once fixed, may not ever be revised, either upwards or downwards, to meet changing conditions, is to put the administration of public affairs in a strait-jacket. Neither a reading of the statute (Laws of 1929, chap. 235) nor an examination of the cases cited by the petitioners bears out their contention on that point.

In *Matter of Rushford* v. *LaGuardia* (*supra*) the petitioners herein, who were parties to that proceeding as well, successfully challenged the power of the board of estimate to reduce their salaries to $1,200 by resolution adopted in February, 1938. The court there held that since the board had failed to effect the reduction at the time that the budget for the year 1938 was made up, it had no power to do so during the budgetary year. It thus clearly indicated that the converse of the proposition is equally true, and that if the board had exercised such power at budget-making time it could have properly accomplished the reduction. In effect, the court did so hold on a subsidiary issue in the case, when it sustained the reduction in respect to eleven of the petitioners involved who had been appointed during the budgetary year to fill vacancies occurring after the 1938 budget had been adopted and a salary of $3,240 had

been therein appropriated. That decision is clear authority for the power exercised and the action taken by the board during the making up of the budget of 1939–1940.

Since the only issue here is one of law, the petitioners' application for a peremptory order in the nature of mandamus is denied and the respondents' motion to dismiss the proceeding is granted. Settle order.