In the Matter of the Application of DAVID FRIEDMAN, Individually and as President of the TYPEWRITER-BOOKKEEPER GRADE 3 ASSN. and for the Members thereof Similarly Situated, Petitioner, for an Order against PAUL J. KERN, President, and Others, Commissioners, Constituting the Civil Service Commission of the City of New York, Respondents.

Supreme Court, Trial Term, New York County, October 26, 1939.

*S. Resnicoff*, for the petitioner.

*William C. Chanler, Corporation Counsel [S. J. Silverman* of counsel], for the respondents.

LEARY, J.   This is a proceeding instituted by the petitioner and members of his association pursuant to article 78 of the Civil Practice Act, in which a peremptory order is sought directing the respondents to refrain from making further provisional appointments to the position of typewriter-bookkeeper, grade 3, to dismiss all provisional appointees performing the duties of that position and to certify the petitioner and others similarly situated for appointment to the position of typewriter-bookkeeper, grade 3, at $1,800 per annum, the minimum salary.   The petitioner heretofore applied for this relief on motion at Special Term, which was granted by Mr. Justice LEVY in a decision (171 Misc. 332) to the extent of directing a trial of the issues.

Upon the trial it was established that vacancies had occurred in the position of typewriter-bookkeeper, grade 3, since the promulgation of the eligible list for that position; that no examination had been held for typewriter-bookkeeper, grade 1 or 2, and no eligible list for those positions was in existence; that the respondents had appointed or offered appointment to all of the eligibles of grade 3 to positions in grade 2 at salaries below the minimum for grade 3; that the respondents then made certain provisional appointments to positions in grade 2; that those so appointed are performing the same or similar duties to those now holding positions in grade 3 at higher salaries. The petitioner does not claim, nor is there evidence to show, that the respondents had appointed any one to fill vacancies in grade 3 at $1,800 or more. The petitioner, however, did maintain that the action of the respondents in making the provisional appointments to grade 2, which position it is claimed does not exist, prevents the certification of the petitioner and other eligibles to existing vacancies in the position of grade 3, and that the appointment to grade 2 is a subterfuge in giving legality to lower salary schedules.

The evidence adduced on the trial does not justify any finding that the actions of the respondents have been illegal, arbitrary or unreasonable. It appears that the filling of vacancies is conditioned upon the granting by the director of the budget of a certificate to fill a vacancy at a specified salary. The testimony shows that the budget director has certified that vacancies for typewriter-bookkeeper be filled at salaries not in excess of $1,500. This procedure is valid and has been approved (*Matter of Rushford* v. *LaGuardia*, 280 N. Y. 217), and such employees may not receive a higher salary than is specified in the certificate permitting the vacancy to be filled. A direction to the respondents to certify the petitioners for appointment at $1,800 per annum is not justified.

Judgment for defendants accordingly, dismissing the petition. Settle order.