In the Matter of ALBERT H. HENDERSON, Petitioner, against FIORELLO H. LA GUARDIA et al., Constituting the Board of Estimate of the City of New York, Respondents.

Supreme Court, Special Term, New York County, May 29, 1944.

*Sidney A. Fine* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (W. Bernard Richland* and *Pauline K. Berger* of counsel), for respondents.

McGEEHAN, J. Upon the record before this court it appears that the Legislature of the State of New York intended to confer " immediately " upon the Surrogate of Bronx County the same powers that were enjoyed for many years past by the Surrogates of New York County, Queens County and Kings County. (Surrogate's Ct. Act, § 22, as amd. by L. 1944, ch. 210.) The language of the statute under consideration is clear, unambiguous and explicit. The minutes of the Senate corroborate the

intention as expressed in the statute. Equality of power among the Surrogates of the various counties within the confines of the city of New York is desirable as a matter of simple equity. In 1938 the Court of Appeals of the State of New York in rendering its opinion in *Matter of Wingate* v. *McGoldrick* (279 N. Y. 246, 248) stated: " It is the duty of the Board of Estimate (formerly Board of Estimate and Apportionment) to make the necessary appropriations to meet such county charges. The Legislature has left it no choice there. * * * The Legislature having conferred upon the Surrogates plenary independent power severally to fix the compensation of court officers and employees, neither the Board of Estimate nor the Supreme Court may substitute its discretion for the discretion vested by law in a Surrogate. The Legislature having provided that the compensation fixed by a Surrogate shall be a county charge, the Board of Estimate may not *thwart* the legislative purpose by refusing to make the necessary appropriations." (Italics supplied.)

The defense interposed by the Board of Estimate to the pending proceeding, to the effect that the departmental estimates were not timely submitted under the provisions of the New York City Charter (1938), is dismissed as without merit under the prevailing conditions, and because, if sustained, the defense would serve to *thwart* the legislative intent and purpose. The preliminary regulatory matters referred to in the Charter are not prohibitory or jurisdictional when interpreted in the light of the statute which conferred the specific powers " immediately " upon the Surrogate of Bronx County " notwithstanding any other provision of law." It is of importance to note that the statute under consideration also specifically directs the Board of Estimate *to make appropriations thereunder* " notwithstanding any other provision of law." The record shows that the bill was finally enacted as a law with the Governor's approval on March 21, 1944. The Surrogate thereupon exercised his newly conferred powers on April 8, 1944. The Board of Estimate, which is the duly constituted appropriating body of the City of New York, had not as yet conducted its public hearings on the budget for 1944–1945. It held executive sessions between April 17 and April 27, 1944. On April 27, 1944, it met and adopted the budget with full knowledge of the legislative action and the Surrogate's fixation thereunder, but failed to comply with such fixation. Accordingly, the defense that the fixation was not timely is without merit.

In considering the other defenses interposed, the court finds and adjudicates that the language of the statute covers

every officer and employee of the Surrogate's Court and office of the Surrogate. The language definitely includes every officer and employee listed in Exhibit 1 annexed to the petition herein. Furthermore, it appears beyond question that under subdivisions (4) and (5) of section 21-d of the Surrogate's Court Act, the Commissioner of Records and his subordinates are respectively officer and employees of the Surrogate's Court.

Under the ruling of *Matter of Wingate* v. *McGoldrick* (279 N. Y. 246, *supra*) and the above analysis, this court is constrained to grant the relief sought. Settle final order accordingly.