In the Matter of CHARLES M. McGOVERN, Respondent, *v.* THOMAS J. PATTERSON, as Director of the Budget of the City of New York, et al., Appellants.

First Department, December 22, 1947.

*Pauline K. Berger* of counsel (*Seymour B. Quel* with her on the brief; *Charles E. Murphy, Corporation Counsel,* attorney), for appellants.

*David O. Kuh* of counsel (*Scherl, Birnbaum & Kuh,* attorneys), for respondent.

COHN, J. Defendants, who are the City of New York, the Budget Director, the Comptroller and the Treasurer of the City, and the County Clerk of New York County, appeal from an order in a proceeding under article 78 of the Civil Practice Act directing defendants to prepare and certify the payroll of petitioner as equity clerk in the New York County Clerk's office for the difference in salary claimed by him from May 16, 1946, the date on which he was appointed, to June 30, 1947, over and above the salary which was actually paid him by the city during that period.

On January 1, 1946, the position of equity clerk in the office of the County Clerk of the County of New York became vacant by virtue of the retirement of the then incumbent, who was receiving $4,400, which together with the cost of living bonus amounted to $4,750. That was the salary specified in the budget for the position.

When the vacancy occurred, the State Civil Service Commission called for a promotion examination for the place. Six persons passed. Petitioner was first on the eligible list, his service as a war veteran giving him a preference which advanced him from second to first.

The county clerk thereafter and on April 10, 1946, applied to the Budget Director for a certificate to fill the vacancy and urged that the post be filled at the line schedule rate of $4,450

($4,750) as set forth in the 1945–46 budget. After an investigation the Budget Director decided that the new appointee should not immediately receive the maximum salary paid to the former incumbent. Accordingly, the appointment of petitioner was authorized by the Budget Director at the rate of $3,500, which with the cost of living bonus amounted to $3,850. Petitioner on May 16, 1946, accepted the appointment at the compensation specified by the Budget Director and has occupied the position ever since. However, after appointment he accepted his pay checks under formal written protest and instituted the present proceeding asserting that the Budget Director did not have authority to fix compensation at a lesser amount than requested by the County Clerk and provided in the budgets, and if there was an attempted delegation of authority to the Budget Director to do so by the Board of Estimate, it was ineffectual. From the order of the Special Term upholding petitioner's claim, defendants appeal.

Proper conduct of the city's affairs requires the prompt filling of the hundreds of vacancies which occur during the year. It also requires that budgetary appropriation be safeguarded from unnecessary expenditure. If the Board of Estimate were not permitted to delegate the duty of investigating each request for filling such vacancies and of determining the entrance salary of a new appointee, efficient administration of the city's business would be rendered difficult if not impossible of accomplishment.

The power to fix the salary of the position of equity clerk in the New York County Clerk's office is by statute vested in the Board of Estimate. Section 180-b (1) of the County Law provides: " * * * The number, duties and salaries of all employees shall be fixed by such [county] clerk subject to revision by the board of estimate of the city of New York." Under the provisions of section 123 of the New York City Charter the Board of Estimate is empowered to include in the budget " the terms and conditions under which * * * appropriations shall be administered." The pertinent portion thereof reads as follows: " The budget so adopted shall be in such form as to provide appropriations for code items only, but such code items shall, except where the board of estimate makes a finding that it is impossible, be accompanied by supporting line schedules and shall set forth the terms and conditions under which such appropriations shall be administered." Pursuant to the authority set forth in that provision, section 2 of the terms and conditions of the 1945–46 budget provided as follows:

" Resolved, By the Board of Estimate, that the budget for The City of New York for the fiscal year from July 1, 1945, to June 30, 1946, shall be administered under the following terms and conditions set forth pursuant to Section 123 of the New York City Charter, and to be changed only by resolution of the Board of Estimate: * * *

## " PERSONAL SERVICE

" 2. Vacancies: No vacancy in any schedule supporting appropriations for personal service, existing on July 1, 1945, or occurring thereafter during the fiscal year, except for the positions of elected officials and except in the Offices of the Presidents of the Boroughs, shall be filled except upon a certificate issued by the Director of the Budget and then only upon the terms contained in such certificate.

" The head of the agency in which the vacancy exists shall make written application to the Director of the Budget for permission to fill the vacancy, showing the code and line numbers, the title of the position, the number of positions requested to be filled, the rate provided for the vacancy in the schedule and the rate at which it is requested to be filled. The Director of the Budget shall investigate the application and shall either grant or deny it in whole or in part and upon such terms and conditions as may be proper. * * *

" The Comptroller shall not authorize the payment of any compensation to any person, appointed on or after July 1, 1945, except elected officials and except in the offices of the Presidents of the Boroughs, unless there is on file in his office a certificate of the Director of the Budget authorizing the filling of the vacancy and then only in accordance with the terms and conditions stated in the certificate."

Similar budgetary terms and conditions have been regularly employed going back to the year 1938, and even for years before. These terms and conditions authorizing the Director of the Budget to investigate an application for permission to fill a vacancy occurring during the year after the budget has been adopted and empowering him to grant or deny the application in " whole or in part and upon such terms and conditions as may be proper " and prohibiting the Comptroller from paying the salary of an appointee except upon certificate of the Budget Director, were incorporated in the budget pursuant to the provisions in the Charter which authorize the Board of Estimate to set forth the terms and conditions under which appropriations shall be administered. The power of the Budget

Director to regulate the salary at which a vacancy occurring during the fiscal year may be filled is thus clearly sanctioned in section 2 of the budgetary terms and conditions. These terms and conditions, we think, constitute a valid delegation of power by the Board of Estimate to the Budget Director (New York City Charter [1938], §§ 67, 123).

Budgetary terms and conditions such as these delegating to the Budget Director or other budget officer the power to determine the salary at which vacant positions should be filled during the budget year have been repeatedly upheld. (*Matter of Rushford* v. *LaGuardia,* 280 N. Y. 217; *Matter of Dobrovolny* v. *Prendergast,* 219 N. Y. 280; *Matter of Friedman* v. *Kern,* 172 Misc. 1059, affd. 258 App. Div. 1037, appeal denied 258 App. Div. 1053; *Matter of Daly* v. *McGoldrick,* 280 N. Y. 210; *Matter of Staudt* v. *McGoldrick,* 280 N. Y. 675; *People ex rel. Plancon* v. *Prendergast,* 219 N. Y. 252.)

Petitioner here is in the same position as were petitioners in *Matter of Rushford* v. *LaGuardia, (supra).* There one of the questions presented was whether eleven clerks to Municipal Court Justices appointed after the beginning of the budget year were entitled to receive the salaries provided in the budget for such positions or whether the certificate of the Budget Director permitting the filling of such vacancies but only at smaller salaries was controlling. In holding that the eleven clerks were entitled only to the salaries specified in the certificate, the court said (p. 223): " The regulations respecting the filling of vacancies were put into the budget by that Board [of Estimate and Apportionment]. These, we think, were a reasonable method for exercise of its salary-fixing power." Though it has been stated that in the *Rushford* case the Budget Director fixed the salary but only in the sum that the Board of Estimate had previously fixed by resolution, the record on appeal in the *Rushford* case shows that eight of the eleven clerks were appointed on January 1, 1938, pursuant to certificates of the Budget Director, without any previous salary fixing resolution having been passed by the Board of Estimate.

*Matter of Broderick* v. *City of New York* (295 N. Y. 363, 369) upon which petitioner relies does not sustain the conclusion that the terms and conditions of the budget are invalid. In that case the Budget Director had modified the expense budget by eliminating the positions of battalion chief in the Fire Department and by creating therein ten additional positions in the next higher rank of deputy chief. This involved a transfer of funds between line schedules. This, the Court of Appeals

declared, the Budget Director had no power to do. The terms and conditions involved in the present case do not authorize any realignment or transfer of appropriations from one purpose to another. They merely authorize the fixation of a salary for a new appointee during the budget year in an amount originally appropriated for the last incumbent or in a lesser amount.

Despite the suggestion to the contrary, no authority is granted to the Budget Director in the present case to increase the entrance salary of a new employee over the line schedule rate. Any such attempted increase could not be effected by the Budget Director because that would involve a transfer of funds from another line. Such action could only be taken by the Board of Estimate. (*Matter of Broderick* v. *City of New York, supra.*)

Petitioner also contends that even if the Budget Director's certificate be valid, he is nevertheless entitled to the salary provided in the line schedule for equity clerk in the succeeding 1946–47 budget. It is to be noted that request for permission to fill the vacancy here for the position of equity clerk was not made until April 10, 1946, nine days after the executive budget for the year 1946–47 had been completed and transmitted to the Board of Estimate. There is no dispute that when the certificate for filling of the vacancy was issued on May 17, 1946, the 1946–47 budget had already been adopted by the Board of Estimate and was well on its way to adoption by the Council of the City of New York. The first available opportunity for official action with respect to the new appointment came only with the adoption of the 1947–48 budget. The inclusion of a line in the budget does not in all circumstances necessarily constitute a fixation of the salary of the incumbent occupying such line. (*Lyon* v. *City of N. Y.*, 82 App. Div. 306, affd. 176 N. Y. 609.) The mere continuance of the former line schedules in the 1946–47 budget in the circumstances of this case did not entitle the petitioner to receive pay over and above that fixed in the budget director's certificate of May 17, 1946. The budget is a plan which sets forth maximum amounts which may be spent during the year. It is not intended to be used against the city and its fiscal authorities in their effort to avail themselves of economies.

Though the County Clerk of New York County in two letters sent to the Director of the Budget urged that the appointment for the position be made at the salary petitioner now claims, such recommendation, meritorious as it may have been, has no binding effect. It was merely advisory so far as the Budget

Director was concerned. The Budget Director has stated that the schedule line rate of $4,750 was obtained by the former incumbent as the result of long and meritorious service and that the new appointee should not receive this salary immediately even though the title be necessary in the functioning of the office of the County Clerk. He also called attention to the fact that at the time of the petitioner's promotion he held the position of general clerk at a salary of $2,940, which with the cost of living bonous amounted to $3,290. As a result of his promotion to the position of equity clerk, he received an increase of $560, which in the circumstances the Budget Director deemed to be adequate and reasonable. A discretion exercised fairly by the Budget Director in fixing the salary of petitioner is not reviewable. (*Matter of McCarthy* v. *LaGuardia*, 172 Misc. 260, affd. 259 App. Div. 710, affd. 283 N. Y. 701.) Petitioner is not entitled to receive pay in excess of the rate so fixed.

The order appealed from should be reversed, without costs and the petition dismissed.

PECK, P. J., DORE, CALLAHAN and SHIENTAG, JJ., concur.

Order unanimously reversed, without costs and petition dismissed. Settle order on notice.