In the Matter of LOUIS J. CAPOZZOLI et al., Constituting the Board of Judges of the Court of General Sessions of the County of New York, Petitioners, against ROBERT F. WAGNER et al., Constituting the Board of Estimate of the City of New York, Respondents.

Supreme Court, Special Term, New York County, August 9, 1955.

*Harris B. Steinberg* for petitioners.

*Peter Campbell Brown, Corporation Counsel (Albert Cooper* of counsel), for respondents.

MARKOWITZ, J.   Petitioners have instituted this proceeding pursuant to article 78 of the Civil Practice Act, whereby they seek an order directing the board of estimate to make provision for the payment to the officers and employees of the Court of General Sessions of the County of New York of their salaries in the amounts fixed pursuant to law by the Board of Judges of that court.

Submitted in opposition to this application is the affidavit of the comptroller of the City of New York, who is the city's principal fiscal officer and as such has the authority to audit the accounts and payrolls of the City of New York and of all public agencies and courts whose expenses are paid wholly or partly out of the city's funds (New York City Charter, § 93).

Although respondents admit that section 354 of the Judiciary Law gives the Court of General Sessions the right to " fix " the salaries of the employees of their court, respondents submit that the power to fix salaries " may not and never has been validly equated with the power to impose salaries upon the City of New York." In other words, the sole objection to the granting of this application is not one supported by law or fact but is purely argumentative and stated in the following novel language: " Indeed, the respondents respect the rationale underlying the Court's insistence that their independence and the conduct of their judicial affairs should not be interfered with by other public agencies, but the respondents similarly request equal protection against the invasion of their statutory and indispensable power to critically examine into the reasonableness and validity of the demands for salaries or payment for services allegedly rendered."

In the light of my review of the applicable statutes and decisional law of our courts, which I hold to be controlling precedent here, the arguments urged by respondents are completely without merit and untenable.

The subject has been before our courts on many occasions and almost every possible contention that the respondents here could or may urge has been adequately answered and decided in the various authoritative cases which I shall refer to hereinafter.

The pertinent statutes here are the following:

Section 354 of the Judiciary Law reads as follows: " § 354. *Compensation of the officers of the court of general sessions of the county of New York.* The compensation of the officers and employees of the court of general sessions of the county of New York provided for by the code of criminal procedure * shall be fixed by the judges of said court, or a majority of them, and shall be paid in equal semi-monthly installments."

Section 938 of the Code of Criminal Procedure provides, in its relevant portion, as follows: " § 938. *Probation in criminal courts of record in New York City.* The judges of the court of general sessions of the county of New York, or a majority of them, shall appoint a chief probation officer, two deputy chief probation officers, and as many additional probation officers, male or female, clerks, stenographers and other employees, as the requirements of probation in said court, in their judgment

---

* All of the officers and employees whose salaries were fixed by the court, other than those in the probation system, are " provided for" by the terms of section 55 of the Code of Criminal Procedure. Those in the probation system are " provided for " by the terms of section 938 of that Code.

demand, and may fix the salary of each appointee in the manner provided by law in relation to clerks and other attaches of said court.''

Acting in pursuance and under the authority of the foregoing statutes, the Board of Judges of the Court of General Sessions, at a meeting which was duly held on January 19, 1955, fixed the annual salary of each officer and employee of the court, both in the administrative and probation systems, for the fiscal year July 1, 1955, to June 30, 1956. Thereafter, on January 24, 1955, the detailed breakdown of the specified amount fixed for each position was duly transmitted to the respondents. It appears, and is not contradicted, that the action of the judges was taken in ample and sufficient time to enable the board of estimate to include in its final estimate these salaries of the court attaches.

By virtue of the terms and provisions of the statutes afore-stated there is no question that the board of estimate was accordingly under a mandate to include such salaries, so fixed, in its final budget, or '' final estimate ''. The board of estimate failed and refused to include in its final estimate the sums fixed as salaries by the Board of Judges and instead adopted a budget which adhered to the salaries fixed for the preceding fiscal year without any increases whatsoever. No provision was made for any of the salary increases which had been duly adopted by the Judges of the Court of General Sessions.

As hereinbefore stated, the action of the board of estimate in disregarding the action of the Board of Judges in fixing positions and salaries therefor must be held to be such an act as is in contravention of the requirements of the law thereto pertaining and was illegal and wrongful. Under the established law and statutes there is no discretion whatsoever in the board of estimate to sit in judgment on the wisdom or prudence of the actions of the Board of Judges of General Sessions in fixing salaries. That discretion is reposed in the judges and in them alone. The board of estimate is compelled to perform the purely ministerial task of including in their budget the amounts fixed by the court and to pay the salaries so determined (*Matter of Wingate* v. *McGoldrick*, 279 N. Y. 246, affg. 254 App. Div. 749, affg. 166 Misc. 13; *Matter of Henderson* v. *La Guardia*, 294 N. Y. 728, affg. 268 App. Div. 892, affg. 182 Misc. 1071; *People ex rel. O'Loughlin* v. *Prendergast*, 219 N. Y. 377, affg. 174 App. Div. 897; *People ex rel. Cropsey* v. *Hylan*, 199 App. Div. 218, affd. 232 N. Y. 601; *Matter of Byrnes* [*Wagner*], N. Y. L. J., July 23, 1954, p. 2, col. 3; *Matter of Capozzoli* [*Wagner*], N. Y. L. J., Oct. 14, 1954, p. 7, col. 4).

All of the foregoing cases were decided upon the basis of statutes similar to the ones here involved or on the very statutes here applicable.

While it may be the concern of respondents that they be protected " against the invasion of their statutory and indispensable power to critically examine into the reasonableness and validity of the demands for salaries or payment for services ", that argument has often been proffered and adequately answered in the authorities cited.

In the *Matter of Wingate* v. *McGoldrick* (*supra,* p. 248), it was said: " It is the duty of the Board of Estimate (formerly Board of Estimate and Apportionment) to make the necessary appropriations to meet such county charges. The Legislature has left it no choice there."

The court also rejected the argument of the board of estimate that the salaries fixed by the Surrogates were excessive, and said (p. 249): " The Legislature having conferred upon the Surrogates plenary independent power severally to fix the compensation of court officers and employees, neither the Board of Estimate nor the Supreme Court may substitute its discretion for the discretion vested by law in a Surrogate. The Legislature having provided that the compensation fixed by a Surrogate shall be a county charge, the Board of Estimate may not thwart the legislative purpose by refusing to make the necessary appropriations."

In *People ex rel. O'Loughlin* v. *Prendergast* (*supra,* pp. 380–381), writing for the Court of Appeals, CARDOZO, J., said: "Courts are not to substitute their judgment for the judgment of the register. For like reasons they are not to substitute the judgment of the board of estimate. The duty of the board is to appropriate the money necessary to provide for salaries fixed by law. It has no general power of visitation. If abuses develop, they must be corrected through other agencies." And further: " The point is made that the amount of the required appropriation is excessive. We are told that the board of estimate may not be compelled to appropriate salaries at the maximum rate, but may fix a lower rate. We do not share that view. The statute says that the register may appoint and at pleasure remove an examiner, a notarial clerk and two assistant notarial clerks at salaries not to exceed prescribed amounts. The plain implication is that the register who is to appoint them is also to fix their pay. * * * The board of estimate and appor-, tionment has, therefore, no discretion. Its duty is to appropriate

the necessary moneys (Greater New York Charter, § 230, subd. 6.) ''.

Analysis of the afore-stated applicable statutes and the decisional cases upon the subject lead to the inescapable conclusion that the action of the board of estimate was contrary to law and that the board of estimate was required to include in its budget the positions, and salaries therefor, which had been fixed by the Judges of the Court of General Sessions and that the board of estimate had no discretion in the matter.

Accordingly, the application is in all respects granted.