FRANCIS R. DI PRIMA, Respondent-Appellant, v. ROBERT F. WAGNER, as Mayor of City of New York, et al., Appellants-Respondents, and LOUIS J. LEFKOWITZ, as Attorney-General, Intervenor-Appellant-Respondent.

First Department, May 23, 1961.

*Emil K. Ellis* (*Maurice Shire, Jonas Ellis* with him on the brief), attorney for respondent-appellant.

*Leo A. Larkin, Corporation Counsel* (*Morris Handel, John F. Kelly, Stanley Buchsbaum* and *Pauline K. Berger* with him on the brief), for Robert F. Wagner, as Mayor of the City of New York, and others, appellants-respondents.

*Reuben A. Lazarus* for John T. Cahill and others, as members of the New York City Charter Revision Commission, appellants-respondents.

*Ruth Kessler Toch* of counsel (*Paxton Blair* and *Milton Kaplan* with her on the brief; *Louis J. Lefkowitz, Attorney-General*), for intervenor-appellant-respondent.

*A. Paul Goldblum* (*Arnold L. Fein, Edward J. Greenfield, Leonard S. Halpert* and *Gerald M. Werksman* with him on the brief), for New York Committee for Democratic Voters, *amicus curiæ.*

STEUER, J. All parties to this action appeal from an order of Special Term and from the judgment thereon. Plaintiff sues as a taxpayer, seeking a judgment declaring that a certain act

of the Legislature (City Home Rule Law, § 20; L. 1961, ch. 87) is unconstitutional and enjoining the defendants from taking any steps pursuant to the said statute, particularly incurring any liabilities or using any municipal funds for the purposes of the statute. Very briefly, the said statute provides for the appointment by the Mayor of a commission to draw up a proposed charter for the city and for the payment of the expenses of the commission by the city. The defendants are the members of the Board of Estimate of the City of New York, the members of the commission appointed pursuant to the statute and the fiscal officer of the city. The Attorney-General has intervened. The order and the judgment appealed from resulted from an application by the plaintiff for an injunction *pendente lite* and motions by defendants to dismiss the complaint or, in the alternative, for judgment on the pleadings declaring the statute to be constitutional.

Special Term found that the statute was constitutional but that certain sections, more particularly referred to hereinafter, violated the Constitution. It was further found that those offending sections were separable, hence did not destroy the valid provisions of the statute, and that the commission could proceed and there was no ground for withholding the payments provided for. Plaintiff's motion for an injunction was consequently denied. The court granted defendants' motions to the extent of declaring the statute constitutional and the so-called offending sections unconstitutional.

We come first to the question of the validity of the legislation as unaffected by the provisions to which Special Term took exception. The statute is an amendment to former section 20 of the City Home Rule Law. That section before amendment (L. 1958, ch. 195) provided for three methods by which a city could adopt a new charter. The first method was for the local Legislature to adopt a law providing for submission to the electorate of the question: '' Shall there be a commission to draft a new city charter? '' By the same law the local Legislature is to fix the composition of the charter commission, and if there are to be elected members these shall be elected at the same election as passes on the submitted question. If the electorate answers the question affirmatively, the commission proceeds to draw the new charter and this in turn is submitted to the electorate for approval. By the second method the local Legislature created a commission without prior submission to the voters of the question whether there should be a commission. Otherwise the procedure is the same. The third method provides that where a petition subscribed by 15% of the qualified voters

of the city is presented to the local Legislature requesting a local law in accord with the first method, such a law must be adopted.

The amendment provides a fourth method, by which the Mayor of the city appoints a charter commission. When this method is used, the Commissioners so appointed are to serve without compensation. But their expenses when approved by the Mayor must be paid by the fiscal officers of the city.

It is contended that this amendment violates the Constitution in that it is a local law and was not passed in accord with the provisions for enactment of local laws by the State Legislature, and secondly that the delegation of authority to the Mayor to approve the commission's expenses is an unlawful delegation of legislative power.

As to the first question, it is not disputed that a law applicable to all cities in the State is not a local law and the restrictions of section 11 of article IX of the Constitution do not restrict the Legislature. The contention here is that this law, while in terms referring to all cities, is meant to apply to the City of New York only and so, in fact, is a local law. It is further claimed that an allegation in the complaint that this is the fact raises an issue which cannot be decided summarily but requires the taking of testimony. The latter contention mistakes the nature of a factual allegation. The allegation in question is a conclusion of the pleader as to a matter of statutory interpretation and, being such, raises no evidentiary issue. We agree with the holding of Special Term that this is a general law and it would be futile iteration of the opinion below to expand on the point.

The second objection to constitutionality lies in the discretion given the Mayor to approve the expenses of the commission and, when so approved, to make these expenses a charge upon the city. It should be noted that the objection is to the delegation of power. Payment in the statute is made subject to audit, which controls the possibility of dishonest or exaggerated claims. The question is therefore whether the Legislature can authorize a municipal officer to obligate the city to pay charges otherwise proper. Many examples are found in existing law and the power of the Legislature to do so has met repeated challenges (*Matter of Wingate* v. *McGoldrick*, 279 N. Y. 246; *People ex rel. O'Loughlin* v. *Prendergast*, 174 App. Div. 897, affd. 219 N. Y. 377). Actually the Legislature may, if it so chooses, by-pass the Board of Estimate or any other municipal appropriating body and direct some other body to dispense city funds. " All the act does in this respect is to transfer from one board of legislative creation to another board of like creation, the power to determine how much money shall be appropriated for the purposes specified in the act.

This the legislature could constitutionally do." (*Matter of McAneny* v. *Board of Estimate, 232* N. Y. 377, 387.) The sole effect of city home rule on the above is that it may not be done by way of local law. In this instance this is no objection as the law in question is general. That the city's finances may be affected adversely or even disastrously does not affect the constitutionality of the enactment. Arguments along that line must be addressed to the Legislature, not the courts (see *People ex rel. O'Loughlin* v. *Prendergast, supra*).

Lastly we come to those provisions of the statute which Special Term declared to be unconstitutional and hence inoperative. These in effect provide that where a proposed new charter promulgated in accord with the amendment is submitted to the electorate for approval or disapproval, no other proposed charter may be submitted at the same election. Provision is also made against the submission of another proposed charter in the guise of amendments to existing local laws. Special Term determined, correctly we believe, that by this provision, the Legislature, in practical effect, gave to the Mayor a power to prevent the local legislature from bringing before the electorate a proposed new charter of its own devising, or one drawn by a commission of its own selection, or one selected pursuant to a petition submitted by the requisite number of voters. This is because the Mayor by appointing a charter commission can have its product submitted, and the statutory exclusion of any other submission at the same election prevents anyone else from taking similar action. As this can be done in successive years, the power, if so used, becomes absolute. Special Term found this objectionable. However, to be cognizable the objection must rest in constitutional prohibition rather than in the wisdom of the delegation of power.

The granting of city charters is purely a legislative function which was originally exercised by the Legislature itself with or without regard to the wishes of the local population as the Legislature saw fit, and it was not until 1914 that any restriction was put on the power (Optional City Government Law; L. 1914, ch. 444). And it was not until 1923 that the Legislature even had the power to delegate to the cities the right to adopt a charter by local law (*Matter of Mooney* v. *Cohen, 272* N. Y. 33). This was by virtue of the constitutional home rule amendment (art. IX, § 11 at that time art. XII, § 2). The sole power of the Legislature to confer on the cities power to legislate in addition to the general powers conveyed them was by way of general law. No one city could be given any particular legislative power. The right to create a charter commission and the submissions to the

electorate provided for in section 20 of the City Home Rule Law are instances of such general grants of legislative power. As to all of these it is provided in the constitutional amendment that the Legislature " may withdraw such powers ". If the amendment amounts, as Special Term suggests, to a withdrawal of power, it is authorized. If not, no other objection has been suggested by anyone. Actually no obstacle exists to prevent the Legislature from withdrawing all the powers given in respect to charters or charter revision in section 20 of the Home Rule Law and retaining the power itself or making the method contained in the amendment the sole method of effecting charter revisions. Nor is it of any moment that the withdrawal, if such it be, is not effected in direct form. The lack of language expressing such an intent is only significant if the legislative direction is in doubt. Then it is significant in order to reach an understanding of the statutory language to consider the effect and whether that effect was the legislative intent. Here the direction being clear, that situation with its attendant consequences is not presented.

The order and judgment should be modified, on the law, to declare that the statute is in all respects constitutional and, as so modified, the judgment should be affirmed, without costs.

BOTEIN, P. J., RABIN, VALENTE and STEVENS, JJ., concur.

Judgment and order unanimously modified, on the law, so as to strike therefrom the last decretal paragraph in both the order and judgment and substituting in place thereof a declaration that the provisions of paragraph (e) of subdivision 4 and subdivision 3 of section 20 of the City Home Rule Law are valid and, as so modified, the judgment and order are affirmed, without costs.