(88 Misc. Rep. 625)

### MURRAY v. WATER BOARD OF CITY OF LOCKPORT.

(Supreme Court, Special Term, Niagara County.   January 19, 1915.)

1. MUNICIPAL CORPORATIONS (§ 205*) — STATUTES — CONSTRUCTION — SAVING CLAUSE—CIVIL SERVICE.

   Under Lockport City Charter (Laws 1911, c. 870) § 376, providing that the repeal of any act by the charter shall not impair or abrogate any right accrued, or acquired under the repealed act, the repeal by section 375 of the provisions of the Civil Service Law (Consol. Laws, c. 7) relative to the removal from office of former volunteer firemen, and the enactment by section 202 of the charter that employés of the water board shall hold their positions at the pleasure of the board, do not affect relator's rights to a hearing before removal, where his position was given him prior to the granting of the city charter.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 557–561; Dec. Dig. § 205.*]

2. MUNICIPAL CORPORATIONS (§ 205*)—CIVIL SERVICE—"PROMOTION"—CONSTRUCTION OF PROVISION.

   It is not a "promotion," within Const. art. 5, § 9, providing that, so far as practicable, all promotions in its civil service shall be made by examination, for petitioner to have been raised from second assistant electrical engineer to chief engineer, when the difference in compensation is only $84 per year, and both positions, under civil service rules, classify under the same group and same grade.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 557–561; Dec. Dig. § 205.*]

Application of Richard Murray for a writ of mandamus against the Water Board of the City of Lockport.   Writ ordered to issue.

J. Frank Smith, of Lockport, for relator.
M. A. Federspiel, of Lockport, for defendant.

POUND, J.   Richard Murray was summarily removed from the position of chief electrical engineer at the pumping station at North

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Tonawanda, N. Y., by the water board of the city of Lockport on the 30th day of November, 1914. He had been appointed April 14, 1909, as second assistant electrical engineer as the result of a competitive examination, and appointed September 27, 1911, to the position of chief electrical engineer without further examination. He had served the term required by law in the volunteer fire department of the city of Lockport prior to his appointment.

Civil Service Law (Laws 1909, c. 15 [Consol. Laws, c. 7] § 22, as amended by Laws 1910, c. 264), provides that such volunteer firemen shall not be removed from such an employment "except for incompetency or misconduct shown after a hearing upon due notice upon stated charges." Murray claims that his rights have been prejudiced contrary to the provisions of this section. If so, he is entitled by the terms thereof to a writ of mandamus to remedy the wrong.

[1] The water board is authorized by the charter of the city of Lockport (Laws 1911, c. 870, § 202) to appoint a superintendent of waterworks—

"and from time to time such employés and assistants as may be necessary for the management, operation, and care of the waterworks. Said superintendent, employés and assistants shall severally hold their offices or positions *during the pleasure* of the water board."

The city charter further provides (section 375) that:

"All acts or parts of acts inconsistent with this act are also hereby repealed so far as they affect the city of Lockport."

It was held in People ex rel. McNeile v. Glynn, 128 App. Div. 257, 112 N. Y. Supp. 695 (Appellate Division, Second Department, 1908), that, where a statute of later date than the Civil Service Law authorized the state comptroller to appoint and *at pleasure* remove tax appraisers, the later enactment controlled, and that the only construction that could be given to the later statute is that there should be no restriction upon the right and power of the comptroller to remove an appraiser, whether he had been a fireman or not, and that such removal was final and absolute, and not the subject of review by the courts. So it is urged that there is no restriction upon the right of the water board to remove Murray. But originally Murray was appointed prior to the enactment of the present city charter. When appointed, he became entitled to the rights of a volunteer fireman under the Civil Service law as then operative to a hearing on charges of incompetency or misconduct before removal. Such right continued until the Legislature abrogated it, and it has not been abrogated.

The city charter provides (section 376):

"The repeal hereby of any act or part thereof shall not affect or impair any act done, offense committed, or *right* accruing, *accrued or acquired*, or liability, penalty, forfeiture or punishment incurred, prior to the time such repeal takes effect, *but the same may be enjoyed, asserted, enforced, prosecuted or inflicted as fully and to the same extent as if such repeal had not been effected.*"

By the terms of this saving clause the repeal of the provisions of the Civil Service Law relative to the removal of firemen and the enactment of the charter provisions that employés of the water board

should hold during the pleasure of the board, did not affect or impair Murray's right to a hearing before removal. Unquestionably the Legislature had ample authority to provide for summary removals from office, but it may in its discretion restrict the appointing power and protect the faithful employé from arbitrary action. It may with propriety extend such protection only to those who accepted employment in reliance thereon, while placing no restriction on future removals of employés appointed with knowledge of their precarious tenure.

[2] But it is urged that Murray was not legally designated chief engineer, because he took no promotion examination, and that he has no valid title to the position, and so is not within the protection of the Civil Service Law. People ex rel. Hannan v. Board of Health, 153 N. Y. 513, 47 N. E. 785. There are three positions at the North Tonawanda pumping station: Chief engineer, first assistant engineer, and second assistant engineer. These positions were classified by the municipal civil service commission for the purpose of competitive examinations in one group, as electrical engineer. The chief engineer and the two assistants took the same examination and were appointed from the same eligible list. Murray was the second assistant, when he was promoted to the position of chief engineer. The first and second assistant engineers receive $90 per month. The chief engineer receives $97 per month.

The Constitution of the state of New York provides (article 5, § 9) that:

"Appointments and promotions in the civil service of the state and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, *so far as practicable*, by examinations, which, so far as practicable, shall be competitive."

But there is no promotion here requiring a competitive examination, unless the increase in salary from $1,080 to $1,164 per annum is such a promotion. Positions are classified for the purposes of promotion into groups and grades. The character of the work to be done determines the group, and the compensation determines the grade. Promotions may be made within the group and grade without examinations. State Civil Service Rules. The tests established for the position of chief engineer and assistants are identical. The general character of the service rendered is the same. They are all in one group—"electrical engineers." "An increase in the salary or other compensation of any person holding an office or position within the scope of the rules in force hereunder *beyond the limit fixed* for the grade in which such office or position is classified, shall be deemed a promotion." Civil Service Law, § 16.

I do not find that positions in the municipal civil service of the city of Lockport have been graded by salary. In the state service, grade 6 includes positions paying more than $900, but not more than $1,200, per annum, according to the most recent copy of the rules of the state civil service commission I have been able to consult.

The municipal civil service commission might in its discretion have required an examination for the position of chief engineer which in-

volved essential tests or qualifications different from or higher than those required for original entrance to the position of assistant engineer. If it had done this, a promotion examination would have been ʻrequired. Civil Service Law, § 16. It has failed thus to grade or group the different positions. They are in the same group and the same grade. The small increase in salary and the slight change in duties did not, in the judgment of the municipal civil service commission, constitute such a promotion as to call for further competitive tests, or make such tests practicable. The appointing power should have some latitude in assigning the electrical engineers to duty and the designation of a chief engineer from either of two assistants, both of whom have passed the necessary examination, is allowed by the civil service law and rules. In a civil service sense they all hold the position of electrical engineer.

The case of Hale v. Worstell, 185 N. Y. 247, 77 N. E. 1177, 113 Am. St. Rep. 895, is clearly distinguishable. Worstell was appointed a bath attendant at a salary of $900 from an eligible list, and advanced out of his group and grade to the position of superintendent of public baths at a salary of $2,500. The civil service commission had a list of eligibles for the position of superintendent of public baths, and Worstell was No. 7 on such list. In other words, the separate list established for the higher position was ignored, in order to make an obvious promotion out of the group and grade over the heads of six persons standing higher than the appointee on the appropriate eligible list.

Let a peremptory writ of mandamus issue, restoring Murray to his position, and directing the payment of his compensation from the date of his removal, with costs in the sum of $25 and disbursements.