WILLIAM J. SCHIEFFELIN, Appellant, v. THOMAS E. O'BRIEN et al., Respondents.

New York city — police — civil service — amendment to charter providing for a superintendent of buildings in police department creates new office — designation, without civil service examination, of police officer to fill such position invalid.

Section 276-e of the charter of the city of New York, added thereto by chapter 624 of the Laws of 1923, and providing, " There is hereby created in the police department an officer to be known as superintendent of buildings to be selected from the members of the uniformed force by the police commissioner, who   *   *   *   shall not be removed or dismissed except in the manner prescribed for other members of the force," creates a new office; and the selection, by the police commissioner, without civil service examination, of a lieutenant of police who, by assignment, had for many years been in charge of the " bureau of repairs and supplies," which bureau was superseded by the new office, is invalid.   A contention that the effect of the statute is merely to give the approval of the Legislature to the pre-existing practice of detailing an officer thereto under revocable assignment cannot be sustained.

Schieffelin v. O'Brien, 216 App. Div. 799, reversed.

(Argued May 31, 1926; decided July 9, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 29, 1926, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

Leonard M. Wallstein and Ralph M. Frink for appellant. Chapter 624 of the Laws of 1923 created a new permanent and regular office of superintendent of buildings in the

police department and not a mere detail therein. (*People ex rel. Buckley* v. *Roosevelt*, 5 App. Div. 168; *People ex rel. O'Connor* v. *Girvin*, 227 N. Y. 392; *Ryan* v. *City of New York*, 228 N. Y. 16; *Story* v. *Craig*, 231 N. Y. 35; *Murray* v. *Kaplan*, 206 App. Div. 202.)

*George P. Nicholson, Corporation Counsel* (*John F. O'Brien, Elliot S. Benedict* and *Arthur Sweeny* of counsel), for respondent. O'Brien's selection, pursuant to chapter 624, Laws of 1923, was a detail or assignment to special police duty, revocable at pleasure, and not an appointment to a separate and distinct position. (*Barlow* v. *Craig*, 122 Misc. Rep. 518; 209 App. Div. 89; *City of New York* v. *New York City R. Co.*, 193 N. Y. 543; *Tenement House Department* v. *Grimmer*, 205 N. Y. 549; *Matter of City of New York*, 217 N. Y. 1.) The language of the sections themselves and the practical construction placed upon them, all unerringly point to the conclusion that O'Brien was merely detailed to perform service and that his detail is revocable at the will of the police commissioner with or without cause. (*Barlow* v. *Craig*, 122 Misc. Rep. 518; 209 App. Div. 89; *People ex rel. O'Connor* v. *Girvin*, 227 N. Y. 392; *Matter of Ryan*, 228 N. Y. 16; *People ex rel. Daly* v. *Greene*, 91 App. Div. 58; 178 N. Y. 617; *Riley* v. *Mayor*, 96 N. Y. 331; *Matter of Fay* v. *Partridge*, 174 N. Y. 526; *People ex rel. Buckley* v. *Roosevelt*, 5 App. Div. 168; *Matter of Leach* v. *Woodbury*, 75 App. Div. 503.)

CARDOZO, J. This taxpayer's action to enjoin the payment of salary, brings up the question whether the office of superintendent of buildings in the police department of the city of New York is one that must be filled after competitive examination in accordance with the provisions of the Constitution and the statutes for promotions in the civil service.

There was established in the police department in 1895 a "Bureau of Repairs and Supplies," which was placed

in the charge of a member of the police force. Supervision of this bureau as then organized was not an independent office, but a mere assignment to duty which might be made at the pleasure of the police commissioner and at like pleasure revoked. The defendant Thomas E. O'Brien was given the direction of the bureau at the time of its formation, and with a brief interruption has been in charge of it ever since. The Legislature was not satisfied, however, to leave the situation in this shape. It preferred to give the incumbent of the office a tenure less precarious. In 1923, by chapter 624 of the Laws of that year, it added to the charter of the city of New York a section designated 276-e, which reads as follows:

" There is hereby created in the police department an officer to be known as superintendent of buildings, to be selected from among the members of the uniformed force by the police commissioner, who shall be subject to the rules and regulations governing other members of the force as regards promotion and otherwise, and who shall be entitled to all benefits and privileges heretofore extended to each member of the force with regard to a pension, and shall not be removed or dismissed except in the manner prescribed for other members of the force, and whose time served in such force as far as it relates to a pension shall count and continue as superintendent of buildings. Such superintendent, under the direction of the commissioner, shall have supervision over the construction of new buildings and the alteration, repair and improvement of all department buildings, including the preparation of plans and specifications therefor, and supervision over the mechanical force of the police department. The salary of superintendent of buildings shall not be less than five thousand dollars per annum. Previous experience in construction, repair and maintenance of buildings in the police department shall be taken into consideration by the police commissioner in the selection of said superintendent of buildings."

# 154 SCHIEFFELIN v. O'BRIEN.

At the time of this enactment, the defendant O'Brien was a lieutenant of police at an annual salary of $3,300. Without civil service examination, he was selected by the police commissioner as superintendent of buildings, with an annual salary of $5,000. The plaintiff insists that the effect of chapter 624 of the Laws of 1923 is the creation of a new office. The appointment is then invalid. The defendants insist that the effect of the statute is merely to give the approval of the Legislature to the pre-existing practice. In that view the designation is valid as a revocable detail of an officer to the performance of special duties (*People ex rel. O'Connor* v. *Girvin,* 227 N. Y. 392).

We cannot read the statute as accomplishing anything less than the creation of an office. Its opening sentence informs us that this is the effect intended. The office being thus created, the incumbent is protected in his enjoyment of it by the provision that he shall not be removed or dismissed except in the same manner as other members of the force. We cannot reconcile a tenure thus secured with the tenure of one who holds by virtue of a revocable assignment. The argument is made that the purpose of these provisions was merely to give assurance to the officer that performance of the special duties would not forfeit the privileges incidental to the office which he retained. The assurance in that view becomes a superfluous statement of the obvious. No one could suppose that an office continuously retained had also been abandoned. The pledge of security of tenure had its occasion and necessity in the fact that there was to be a change in the existing practice by which the performance of such services was merely submission to the order of a superior for the performance of a special duty. Hereafter there was to be a new office with another officer to fill it.

The conclusion is even clearer when we contrast the wording of this section of the charter with the wording of other sections providing for revocable assignments.

The Legislature had no difficulty in finding apt terms at its command when details only were in view. By section 288, " The police commissioner shall, in the exercise of his discretion, from time to time detail nineteen captains and so many others as the board of estimate and apportionment upon the recommendation of the mayor and the police commissioner may authorize to act as inspectors, with the title while so acting of inspectors of police, and at his pleasure may revoke any or all such details." By section 290, " the police commissioner shall organize and maintain a bureau for detective purposes to be known as the detective bureau," and " shall, from time to time, detail to service in said bureau as many members of the force as he may deem necessary to make the bureau efficient, and may at any time revoke any such detail." There is no chance for misconstruction here.

We see no distinction between section 276-e, with its provision for the office of superintendent of buildings, and other sections, subdivisions of 276, such as 276-a with its provision for a chief lineman, 276-c with its provision for the apppointment of patrolwomen, a second section 276-c creating the office of marine inspector, and 276-d creating that of military police captain. It is true that section 276 in its general enumeration of the offices in the police department does not mention the superintendent of buildings, but it does not mention these others. There can be no doubt that the chief lineman holds an independent office, for the statute expressly says that he shall be appointed after an open and competitive examination. Except in the requirement of examination, the wording of the section establishing his office is identical, or nearly so, with the wording of the section now before us. The differences are not controlling. If a new office was created, there was no necessity in creating it to make mention of civil service requirements. They were established independently and adequately by Constitution and by statute.

The judgment of the Appellate Division and that of the Special Term should be reversed and judgment granted in favor of the plaintiff as prayed for in the complaint, with costs in all courts.

HISCOCK, Ch. J., McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur; POUND, J., absent.

Judgment accordingly.