[Civ. No. 9666.   Third Dist.   Dec. 7, 1959.]

WILLIAM C. MADDEN, Appellant, v. CITY OF STOCKTON et al., Respondents.

E. R. Williams for Appellant.

Monroe N. Langdon, City Attorney, Jack D. Wickware, Assistant City Attorney, and Elwyn L. Johnson, Deputy City Attorney, for Respondents.

PEEK, J.—This is an appeal by petitioner from an order of the superior court denying his petition for a writ of mandate by which he sought to review the action of the defendant Civil Service Commission of the City of Stockton, upholding his discharge from his civil service position as sergeant of the Stockton Police Department.

Pursuant to certain provisions of the city charter, the chief of police recommended to the city manager that the petitioner be discharged. In response thereto the city manager, likewise in accordance with said charter provisions, discharged the petitioner. The letter of discharge set forth three separate charges; however, since it appears that the first charge is amply sufficient to sustain the action of the commission, and since the third charge was dismissed, it becomes unnecessary to discuss the second.

The provisions of the city charter pertinent to the questions raised in this appeal provide in part that the tenure of anyone holding a civil service position "... shall be only during good behavior, and any such person may be ... discharged, ... for ... (b) any wilful failure on the part of the employee to prop-

erly conduct himself . . ." (Art. XXXII, § 16.) By section 19 of that same article, it is provided in part that no civil service employee ". . . shall be removed or discharged except for cause . . ." and then only upon the written accusation of the appointing officer and the written recommendation of the chief of the department in which the person was employed. It is further provided that any person so discharged may, within the time therein specified, file a written demand for investigation. The commission shall thereupon conduct such investigation and it ". . . shall be confined to the determination of the question of whether such removal or discharge was or was not made for political or religious reasons and was or was not made in good faith for cause."

Following his discharge the petitioner filed a request for an investigation, and thereafter public hearings were held by the commission at which numerous witnesses testified. At the conclusion of the hearings the commission adopted findings of fact wherein it found that the discharge of petitioner was not made for political or religious reasons and was made in good faith and for cause. Petitioner then filed his petition for a writ of mandate in the superior court which was denied and this appeal followed.

The evidence concerning the incident charged in the first offense related to the actions of petitioner while in the company of other police officers at a public restaurant in Stockton. The officers, including the petitioner, had gone to the restaurant to discuss police matters, and while doing so were having coffee. The petitioner absented himself from the booth where they were sitting, and during his absence one of the officers placed some salt in his cup. Upon his return he tasted some of the coffee, became quite agitated, drew his revolver, cocked and held it within a few inches of the head of the officer whom he suspected of having committed the act and demanded that he drink the salted coffee.

It is petitioner's first contention that since disciplinary action had previously been taken in regard to the gun incident, therefore he is being penalized twice for the same offense. The record shows that petitioner held the civil service rank of sergeant of police; that prior to, and at the time of the gun incident, he was acting as "police sergeant (special assignment)" for which he received approximately $25 a month more than he would have received for his regular rank of sergeant; that following the incident his special assignment was revoked and he was returned to his regular

duties as police sergeant. His argument in support of this contention is that the revocation of the special assignment and return to his status as sergeant was a demotion which resulted in a reduction in pay, and therefore it was improper to discipline him again for the same offense.

There is nothing in the record to indicate that a different civil service rating resulted from his assignment to police sergeant (special assignment). Therefore the revocation thereof and his return to his permanent rank of police sergeant cannot be considered a demotion and hence not disciplinary. Furthermore the special assignment was not permanent but was revocable, and although it carried added compensation it could not be considered a promotion under the city charter. We are cited to no California case directly in point; however the case of *Stohl* v. *Horstmann,* 64 Cal.App.2d 316 [148 P.2d 697], supports the action of the commission. ▮ There it was held that a revocable assignment within a particular civil service rank which carried increased salary could not be considered as promotion to a higher rank or grade. In discussing the question the court held that ". . . a mere revocable assignment to special duties in a position designated by a special title and carrying added compensation does not necessarily constitute a promotion to another rank or grade." (P. 322.) And the court, quoting from certain cases from other jurisdictions, held that the distinction is one between permanent positions and temporary assignments. Paraphrasing the quotations relied upon in the Stohl case, the confirmed status of petitioner could only be that of police sergeant. A temporary transfer to other duties with a different title and increased salary did not constitute a promotion to another rank or grade. While a certain degree of inflexibility is inherent in all civil service laws, nevertheless a reasonable latitude consistent with the letter and spirit of the civil service provisions should be allowed to those charged with the duty of promoting efficiency in the various departments of government. ▮ It necessarily follows that since the petitioner did not have the civil service status of police sergeant (special assignment), his reassignment to his permanent civil service status as sergeant could not be considered a demotion.

▮ It was petitioner's contention before the commission, as it is before this court, that his actions at the time of the gun incident amounted to nothing more than horseplay and were all in good humor, and that in any event the evidence was insufficient to justify his discharge. The trial court, in its

memorandum opinion, succinctly answered this contention as follows:

"... [P]ractically no conflict whatever exists as to just what happened. Actually the only difference of opinion concerns the spirit in which petitioner acted. Naturally petitioner contends that he was engaged only in horseplay with no feeling of anger. Yet the record contains evidence of a very substantial character indicating great anger and hostility. Obviously then, irrespective of the attitude of the Court concerning the character or seriousness of the act no decision can be reached other than that the findings of the Commission are supported by substantial evidence. It is suggested also that discharge is a severe punishment for an act of this character. Putting it most favorably for petitioner it may well be that reasonable people might differ on this subject. Under the law however, the Court could not substitute its judgment for that of the Commission on a discretionary matter of this kind where the evidence in support of the decision reached is substantial."

We are entirely in accord with the conclusion of the trial court. Since the commission determined upon substantial evidence that the discharge was justified, this court may not interfere. (*Hansen* v. *Civil Service Board,* 147 Cal.App.2d 732 [305 P.2d 1012].)

The order is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.