86

Curtis L. HAYNIE *v.* CITY OF LITTLE ROCK,
Arkansas et al

5-4264                                418 S. W. 2d 633

Opinion delivered September 25, 1967

*Lesley W. Mattingly,* for appellant.

*Joe Kemp,* Little Rock City Attorney; *Perry V. Whitmore,* Asst. City Atty., for appellees.

JOHN A. FOGLEMAN, Justice. This appeal questions the correctness of a decree dismissing the complaint of appellant, a captain in the Little Rock Fire Department, against the City of Little Rock and its Mayor and Board of Directors. Appellant had sought to enjoin appellees from granting promotions and increases in salaries under what is sometimes called a "merit system". He further asked that they be directed to increase his salary to the top pay provided for captains in the Little Rock Fire Department and for judgment for $630.00 for the difference in his salary and that top pay since the time he claims to have become entitled to it.

Captain Haynie was promoted to that rank on March 25, 1964, after having passed the required civil service examination. His salary after promotion was $425.00 per month. Some other captains were being paid $445.00 per month at that time. Subsequently his pay increased in two stages until it reached $485.00 per month while the pay of other captains was raised to $510.00 per month.

Pay increases are given in the fire department under what the city refers to as a "pay classification schedule". The schedule next preceding the filing of this case was adopted August 1, 1966. Each position in the fire department carried a "class number", a "class title", a "range number" and "monthly pay range". Each job "class title" for all employees of the city carried six steps within the pay range—"A" to "F". Under the class title, "Fire Captain", the "pay range" was from $425.00 per month to $535.00 per month. The district fire chief "pay range" was from $485.00 per month to $610.00 per month.

On May 1, 1966 the pay of eight captains,[1] some of whom had been promoted to the rank subsequent to ap-

---

[1] In some places in the record the number is given as nine. Since the actual number is immaterial, we will continue to refer to the number as eight.

pellant's promotion, was advanced to the top "monthly pay grade" for captains. All of these men, including appellant, were at all times receiving a salary set forth in a current schedule of "monthly pay ranges". No captain was paid more than the maximum or less than the minimum "monthly pay range" currently shown for the job class title. None of the salary advances mentioned, except for original promotion, was given following, or on the basis of, a competitive civil service examination. The increases in pay were given the other eight captains upon the recommendation of their superiors only.

The city contends that these pay scales were established and the increases given pursuant to its Ordinance No. 10,881 approved December 15, 1958, adopting a position classification and pay plan for the City of Little Rock. This ordinance required a grouping into classes of positions of approximately equal difficulty and responsibility, which required the same general qualifications and which could be equitably compensated "within the same range of pay under comparable working conditions". It also required an identifying class title description of the work of the class. It was specified that titles used to indicate authority, status in the organization, or "administrative rank" might continue to be used for such purposes. The classification plan is to be used as a basis for giving examinations, fines (lines) of promotion, and determining salaries for various types of work. The city manager is made responsible for preparation and maintenance of the classification plan, with authority to amend and revise, with approval of the Civil Service Commission for civil service positions. A schedule of standard salary ranges, to be changed only by the Board of Directors of the City, prescribed fifty pay range numbers. Then an official salary plan was adopted and each job or "class title" was given a class number and a pay "range number". Between that time and the institution of this action, the class title "Fire Captain" was advanced from "pay range" 21 to "pay range" 26 and "District fire Chiefs" from "range"

24 to "range" 29. Since § 2 of the ordinance is particularly pertinent here, we quote it in full:

"COMPOSITION OF THE CLASSIFICATION PLAN: The classification plan consists of:

A.  A grouping into classes of positions which are approximately equal difficulty and responsibility, which require the same general qualifications, and which can be equitably compensated within the same range of pay under comparable working conditions.

B.  A class title, descriptive of the work of the class, which identifies each class.

C.  Written class specifications for each class of position, containing a description of the nature of the work and of the responsibility of the positions in the class, examples of work which are illustrative of duties of positions assigned to the class, requirements of work in terms of knowledges, abilities, and skills necessary for performance of the work, a statement of experience and training desirable for recruitment into the class, and, in certain cases, necessary special qualifications."

It is the contention of appellant that this ordinance and plan, as applied to his "class title", is in violation of the civil service laws of Arkansas. The increase of the salaries of the eight captains in the same pay grade within the designated pay range without civil service examination is the particular application to which he objects. It is his contention that Ark. Stat. Ann. § 19-1603 (Supp. 1965) prohibits this practice as a promotion. This is § 3 of Act 28 of 1923, our basic civil service law for first class cities. The section required each board of civil service commissioners to prescribe and enforce rules and regulations governing fire departments. One of the statutory requirements is that the rules shall provide:

"9th. For promotion based upon open competitive examinations of efficiency, character and conduct, lists shall be created for each rank of service and promotions made therefrom as provided herein, and advancement in rank or increase in salary beyond the limits fixed for the grade by the rules of said commission shall constitute a promotion."

The rules and regulations adopted by the board of civil service commissioners of Little Rock require open competitive examinations twice a year for creation of lists of those eligible for employment or promotion "for each rank" in the fire department. (Art. II, § 1) The use of the word "rank" in other sections of the regulations makes the conclusion that the board considered the job "class titles" as "ranks" inescapable. For example:

1. In speaking of eligibility to take examination for advancement from a "lower to a higher *rank*", an applicant must have "served at least one year in the next lower *rank*" and have "a good record in the lower ranks in which he has served". (Art. II, § 5)

2. A probationary period is provided after each promotion during which the probationer may be "reduced to his former rank". (Art. II, § 8)

3. For the purpose of determining eligibility to take examinations for promotion, it is specifically provided that all "holding the *rank* of captain shall be eligible to take the examination for promotion to assistant chief," all "holding the *rank* of junior captain" to "the *rank* of captain", and "all hosemen, laddermen and drivers", to "the *rank* of lieutenant." (Art. II, § 14)

4. In establishing a "Bureau of Efficiency" it is required that it be composed of members of the department with the *"rank* of captain or with a higher *rank"*. (Art. IV, § 3)

5. Discharge or reduction "in *rank* or compensation" is prohibited without a trial procedure. (Art. V) [Emphasis ours]

Appellant first contends that an increase in pay within a pay range is an advancement in rank under § 19-1603, requiring an examination. As a basis for this contention, he asserts that the word "in" should be construed to mean "within". We do not agree. We take it to be the intention of this section of the statute to define what constitutes a promotion. If appellant's construction were used, "promotion" would not include an elevation from one rank to another and competitive examination would not be required by the Act. The expressions "in regard to", "respecting", "with respect to", "as to", are also synonyomus with the word "in". See Rodale's "The Synonym Finder". The words "advancement in rank" then should denote an advance with respect to rank, or from a lower rank to a higher one. This is a common-sense construction and in keeping with the intention of the Civil Service Act.

Appellant's next contention is that the eight other captains had received an "increase in salary beyond the limit fixed for the grade by the rules of the commission" in violation of Ark. Stat. Ann. § 19-1603. He argues that the quoted paragraph from § 19-1603 should be interpreted to mean that salary increases from one step to another within a pay range constitute a promotion and require competitive civil service examinations. This assumes that the words "the grade" in that section mean a "grade" or pay "step" within the pay range for the particular job "class title" which really designates the competitive class. On the other hand, the city and the lower court have construed the word "grade" to be synonymous with the word "rank" in the same section of the Act. We agree with the latter construction. We do not find the word used in any other place in Act 28 of 1933. We do find the words "rank" and "position" used in other parts of the Act. The word "grade" is synonymous with "rank". Rodale's "The Synonym Finder". It appears that the drafter of the Act must have used the word "grade" to avoid repetitious use of the word "rank" in the same sentence for there is nothing else in

the Act to which the former could relate or be related. Courts of other jurisdictions having similar language in civil service laws have held that an increase in salary does not constitute a promotion unless the resulting salary is beyond the limits fixed for the grade in which the office or position is classified. *People* v. *Tully,* 47 Misc. Rep. 275, 95 N.Y.S. 916; *Stohl* v. *Horstmann,* 64 Cal. App. 2d 316, 148 P. 2d 697. It has also been said that an increase in salary is not a promotion where no top salary limit has been fixed. *Mandle* v. *Brown,* 5 N. Y. 2d 51, 152 N. E. 2d 511. We hold this rule to be sound and applicable here.

In this connection, appellant asserts a violation of the quoted paragraph of § 19-1603 in that the compensation rates and ranges for the Fire Department have been fixed by the Board of Directors of the City and not by the Board of Civil Service Commissioners. Section 19-1617 (§ 17 of Act 28 of 1933) states that the City Council or Board of Commissioners shall from time to time fix the number of employees and the *salaries* to be drawn by each *rank* in the fire departments of their respective cities. Under Little Rock's "city manager" form of government, all the powers and duties (except executive powers) of the Mayor and City Council under the "council" form were vested in the Board of Directors. Consequently, the Board of Civil Service Commissioners did not abdicate any authority when it stated that fixing the number of employees and the salaries to be drawn by each rank was the duty of the Board of Directors. (Art. II, § 16)

The propriety of a pay range within a rank is also in question. Under similar civil service laws, the courts of California have said that it is well settled, where a city council is empowered to fix salaries, reasonable variations therein for persons holding the same rank will be upheld. See, *e. g., Banks* v. *Civil Service Comm.,* 10 Cal. 2d 435, 74 P. 2d 741; *Stohl* v. *Horstmann,* 64 Cal. App. 2d 316, 148 P. 2d 697. The courts of New York

have recognized ranges of salaries for a rank with a "pay grade". *Beggs* v. *Kern,* 284 N. Y. 504, 32 N. E. 2d 529.

If there is an inequity in the Little Rock "merit system" as provided for in the ordinance above referred to, appellant's complaint should be addressed to the city officials or the general assembly. The wisdom of the policy adopted is not a judicial problem.

The judgment is affirmed.

BYRD, J., disqualified and not participating.