[Civ. No. 37154. Second Dist., Div. One. Mar. 11, 1971.]

ROBERT J. SOJKA, Plaintiff and Appellant, v.
CITY OF PASADENA et al., Defendants and Respondents.

## COUNSEL

Hollopeter, Terry & Schneider and Harvey A. Schneider for Plaintiff and Appellant.

Wendell R. Thompson, City Attorney, and Suzanne B. Gifford, Deputy City Attorney, for Defendants and Respondents.

## OPINION

LILLIE, J.—In July of 1969, respondent city promulgated a document announcing "a promotional examination for Helicopter Pilot Assignments." It also therein stated that one such position was to be filled by a police agent

then employed by respondent, and that the three highest scoring applicants would be certified for final selection. Petitioner-plaintiff, as a police agent, thereafter took all of the examinations required of him for the position announced. Although he was ranked first on the eligible list as a result of the examinations, he was later advised that neither he nor the police agents finishing second and third would be given the position of helicopter pilot, and respondent Morris Nelson, finishing fifth on said examinations, would be given the position and had already begun the training program relating thereto. After exhausting his administrative remedies petitioner sought a peremptory writ of mandate, as well as a declaratory judgment, which would compel the anuulment of Nelson's appointment and require that the position be filled by persons finishing first, second or third (under the so-called "rule of three").

The court received evidence, oral and documentary, deeming the matter distinguishable from administrative mandamus and, also, in view of the allegations asking for declaratory relief. Some 20 findings of fact were made from which certain conclusions of law were drawn. In material part the court found that the document announcing the examination was ambiguous; that the position of "Helicopter Pilot" therein referred to is an "assignment" and not a "promotion" since it involved no change in rank; and that the announced examination to select applicants for such position was, accordingly, not a promotional examination and, therefore, not governed by the "rule of three." The foregoing was based on other express findings, evidentiary in nature, declaring in part that the determination that helicopter duty was an "assignment" was made at the administrative level by designated officials of respondent city; that potential applicants for the announced position had been advised by respondent's police department that candidates would be appointed through administrative selection; and that officers assigned as helicopter pilots can be removed from such duty at will and without cause (as in the case of officers assigned to motorcycle duty) whereas an officer holding a certain rank can be demoted or removed only for cause. The court made this additional finding: "At the time of the examination and at all times up to trial on the issues, no additional pilot pay had been determined. Recommendations of the Director of Personnel and City Manager were for a flat monthly payment of $150 in addition to regular salary."

A very substantial portion of the foregoing resulted from the case put on by respondents. Thus, at the opening session appellant endeavored to show that the police agents finishing second and third, respectively, adhered to the same view alleged by him in his pleadings, to wit, that the rule of three would control; it was argued that this extrinsic evidence was admissible in light of the ambiguity inherent in the document announcing the

examination. An offer of proof having been made, the trial court sustained objections to the introduction of such testimony upon the ground that any questions put to these prospective witnesses would call for their opinions and conclusions and, further, that they were not parties to the contract. The balance of appellant's proof, accordingly, consisted of the examination of respondent city's director of personnel (Mr. Morris) under section 770, Evidence Code and such favorable inferences that might be deduced therefrom. Respondent city, in turn, called its chief of police and another member of its police department who worked with the personnel department in its selection of the post; both testified that the examination, in effect, was not intended to be a promotional one.

■ Appellant first contends that promotional rules applied to the selection of the position regardless of whether it be classified as an assignment or a promotion. In this connection the premise is a sound one that local charter provisions for the making of appointments in civil service are mandatory and controlling (10 Cal.Jur.2d, Civil Service, § 15); and there is the further valid premise that "the ascertainment of fitness and merit for office is the primary objective of the civil service system, and a competent procedure for promotion is an essential part thereof." (*Almassy* v. *L. A. County Civil Service Com.*, 34 Cal.2d 387, 404 [210 P.2d 503].) To that end, judicial notice being taken thereof (Evid. Code, § 451, subd. (a)), section 802 of the respondent city's charter provides that all appointments and promotions of its officers and employees shall be made on the basis of merit, their fitness to be demonstrated by appropriate examination or other evidence of competence. Accordingly, "when an administrative agency acts in excess of, or in violation, of the powers conferred upon it, its action thus taken is void." (*Ferdig* v. *State Personnel Bd.*, 71 Cal.2d 96, 104 [77 Cal.Rptr. 224, 453 P.2d 728].) To the same general effect are decisions of the United States Supreme Court, including *Service* v. *Dulles*, 354 U.S. 363 [1 L.Ed.2d 1403, 77 S.Ct. 1152] which states "that regulations validly prescribed by a government administrator are binding upon him as well as the citizen, and that this principle holds even when the administrative action under review is discretionary in nature." (354 U.S. at p. 372 [1 L.Ed.2d at p. 1410].)

To the foregoing line of argument respondents in their brief say nothing, limiting their reply to their assertion that the trial court properly found that the document or bulletin announced an examination from which an "assignment" to the post of helicopter pilot would be made. Emphasized by them is their own construction of the document, together with the principle they claim applies, that in choosing between various constructions of an administrative regulation, the ultimate criterion is the interpretation thereof by the promulgating authority, citing *Udall* v. *Tallman*, 380 U.S. 1 [13 L.Ed.2d 616, 85 S.Ct. 792]. However, that case, as do other decisions therein

mentioned, holds only that the administrative interpretation of a statute or regulation is entitled to great weight at the trial level. Thus, " 'To sustain the Commission's application of this statutory term, we need not find that its construction is the only reasonable one, or even that it is the result we would have reached had the question arisen in the first instance in judicial proceedings.' [Citations.]" (*Id.,* 380 U.S. at p. 16 [13 L.Ed.2d at p. 625].) By contrast in the present proceeding, except for Mr. Morris' examination under section 770, *supra,* the trial court permitted only one construction of the document to be received—that given by respondents. Proffered proof inconsistent therewith was cut off because it assertedly called for opinion testimony by persons not parties to the so-called "contract."

The quotes around the term "contract" are given by respondents who apparently do not question the fact that appellant's employment by respondent city for an alleged period in excess of seven years is contractual in nature. Accordingly, when asked to adjudicate pension claims, the courts have repeatedly declared that "The charter provisions relative to pensions are a part of the contract of employment between the city and the employees of the fire and police departments. [Citations.]" (*City of Long Beach* v. *Allen,* 143 Cal.App.2d 24, 27-28 [300 P.2d 349].) We further assume, if only because of the nature of the objection to the proffered proof, that the bulletin or document in question constituted but another offer, contractual in nature, of further employment at a higher rate of pay. In this connection, it is most significant that respondents concede that the document here involved is one of "adhesion." In *Frates* v. *Burnett,* 9 Cal. App.3d 63 [87 Cal.Rptr. 731], such type of contract is described as "an agreement not resulting from the freedom of bargaining but one which permits the employee only to adhere to or reject it. [Citation.] '[A] party hired under such a contract lacks the economic strength to secure a change in the language of the document by negotiation, and, therefore, any ambiguity in the instrument should be resolved against the draftsman, and any ambiguous provision should be construed in favor of the party adhering to the instrument.' [Citation.]" (Pp. 69-70.)

It is not contended that extrinsic evidence was inadmissible in light of the document's ambiguity, which latter fact the court expressly found; rather, respondents argue that the proffered proof was not forthcoming from parties to the "contract." This, we believe, is not quite correct. Although not parties to the instant proceeding, the persons finishing number two and three on the examinations were parties to the "contract" in suit, having accepted the city's offer to compete for the *same* position offered by taking the *same* examinations and while holding the *same* rank (police agent) as that of appellant. The offer of proof recited that the wit-

nesses, if sworn, would testify that due to the substantial pay increase ($150 per month) and due to the extensive training which involved approximately $5,000 per man, it was their view and opinion that the helicopter position was in fact a promotion and that once a numerical list was established, the rule of three should have been applied.

If, however, they were not parties to the instant litigation involving a contract to which they were also parties, it is useless for appellant to argue that their testimony was admissible on his case in chief because they were members of the same class. *Crestview Cemetery Assn.* v. *Dieden,* 54 Cal.2d 744, 754 [8 Cal.Rptr. 427, 356 P.2d 171], cited for his position, by no means goes that far; to the contrary, it follows the rule established by earlier cases which allows proof of the construction placed upon ambiguous instruments by the parties thereto before any controversy has arisen. Here, of course, no litigable controversy existed between appellant's fellow agents at the time of trial. But since the court permitted respondent city's officers and employees to testify as to their interpretation of the bulletin or announcement resulting in the foregoing determinations, the question arises whether the rejection of appellant's proffered testimony, at least on rebuttal, constituted an abuse of discretion. In fairness to the trial court, it appears that no such rebuttal testimony was offered although it might have been considered in proof of the allegations found in paragraph XIII of the petition that respondents proceeded without and in excess of their jurisdiction by not adhering to the rules or data contained in the examination announcement. On hearing of the motion for new trial, the court apparently had certain misgivings as to this phase of the case: "THE COURT: As a matter of law, having announced in this announcement that the rule of three would prevail and would be the rule of selection, maybe [respondents] are bound by it. MR. SCHNEIDER: Our position, of course, your Honor, is that although they may have pled it, they simply didn't prove it."

If, as must be concluded, there was a failure of proof as to the critical matters above alleged, any accusing finger should be pointed unerringly to appellant himself who, though presumably available, declined to take the witness stand. Clearly, as a party to both the instant proceeding and the document (contract), he was competent to testify as to his interpretation of its ambiguous contents; instead, he attempted to elicit such testimony from fellow agents who also competed in the examination. A possible reason for this tactical (and unfortunate) decision may be gleaned from appellant's first point on this appeal. Such assignment improperly asserts that as a matter of law respondents were bound by the rule of three since reference thereto was made in the announcement of the examination. (There is, in our view, a palpable inconsistency between this assertion and

appellant's further [and more proper] claim that the document is ambiguous.) In the first place, there was material in the document which would lead a reasonable person to believe that the rule contended for would not necessarily be applied.[1] In the second place, the court made express findings, specifically not challenged on this appeal, that (a) portions of the document referring to promotions and the so-called rule of three were preprinted, and referred to many other aspects of municipal employment, and (b) respondent city's police department had previously advised potential pilot candidates that a screening process would be held to select pilots, that it would consist of an oral rating board and that candidates would be appointed through administrative selection.

There is still another reason why we cannot accept appellant's argument on his first point on appeal. Although, as he points out, section 802 of respondent city's charter provides for appointment and promotion of employees on merit, it concludes with the provision that their "fitness shall be demonstrated by appropriate examination or other evidence of competence." The above quoted language clearly vests the city's commission with certain discretionary powers; and it is established that " 'Courts should let administrative boards and officers work out their problems with as little judicial interference as possible. . . . Such boards are vested with a high discretion and its abuse must appear very clearly before the courts will interfere.' [Citations.]" (*Nelson* v. *Dean,* 27 Cal.2d 873, 881 [168 P.2d 16, 168 A.L.R. 467].) "[T]he civil service commission has been given broad discretionary powers in determining the subjects of examination and qualifications which are to be measured. [Citations.] Judicial interference under such circumstances is unjustified except on a showing of arbitrary, fraudulent, or capricious conduct, or a clear abuse of discretion. [Citations.]" (*Wilson* v. *L. A. County Civil Service Com.,* 103 Cal.App.2d 426, 432-433 [229 P.2d 406].) As pointed out in *Nelson* v. *Dean, supra,* " 'The Legislature may, after declaring a policy and fixing a primary standard, confer upon executive or administrative officers the "power to fill up the details" by prescribing administrative rules and regulations to promote the purposes of the legislation and to carry it into effect. . . .' " (P. 881.) Absent some showing, therefore, that the executive officers of respondent city clearly abused the discretion delegated to them in administering the applicable provisions of the charter, it cannot be said they were inflexibly, or as a matter of law, bound to follow the "rule of three" as contended for on this appeal.

■  As his remaining point, appellant contends that promotional

---

[1] In four separate places the body of the bulletin uses the words "assignments," "assignment" or "assigned."

rules should have applied because the position announced or advertised was in fact a promotion and not an assignment. Here he is confronted with factual questions resolved adversely to him below. Thus, while portions of the testimony of respondent city's director of personnel (Mr. Morris) might be construed as favoring the view urged by appellant, there was contrary evidence which supported the determination that the position was in fact an assignment. For example, Mr. Morris testified that a promotion constituted an advancement from one classification or level to a higher classification or level accompanied by additional compensation. Too, while helicopter pilots would receive additional skill pay, they would not receive a new salary based on a higher compensation range as set forth in the salary ordinance of respondent city.[2] The above employment situation brings the problem within the following statement of the law covering such matters: "[A] mere revocable assignment to special duties in a position designated by a special title and carrying added compensation does not necessarily constitute a promotion to another rank or grade." (*Stohl* v. *Horstmann,* 64 Cal. App.2d 316, 322 [148 P.2d 697].) Since respondent city's officials thus construed the special duties here in suit, great weight could properly have been accorded such construction by the trial court in arriving at its determinations. (*Udall* v. *Tallman, supra,* 380 U.S. at p. 16 [13 L.Ed.2d at p. 625].)

We conclude with the observation that while the judgment here upheld appears to be a harsh one and inimical to the merit system (well served by the rule of three), it should be limited to the facts at bar as adduced on the proceeding below; viewed in such light, its seeming harshness disappears and its soundness becomes manifest.

The judgment is affirmed.

Wood, P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 13, 1971. Peters, J., was of the opinion that the petition should be granted.

---

[2]In this regard, the evidence is uncontroverted that officers assigned to helicopter duty could be transferred at will or taken off duty, presumably with loss of flight pay; such summary treatment could not, however, be accorded officers in the next higher rank (sergeant) to that held by appellant.